UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GUY,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. SUII, et al.,<br><br>        Defendants. | Case No. 23-cv-03202 BLF (PR)<br><br>**ORDER DENYING MOTION FOR TERMINATING SANCTIONS; INSTRUCTIONS TO PARTIES; SETTING BRIEFING SCHEDULE**<br><br>(Docket. No. 14) |

Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against Dr. Suii, his primary care provider at Salinas Valley State Prison ("SVSP"), S. Sawyer (Chief Support Executive at SVSP), and S. Gates (Chief of Health Care Correspondence and appeals Branch of the California Correctional Health Care Services) for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Dkt. No. 1. Plaintiff was a state prisoner at the time he filed this action and was paroled on October 28, 2023, to Los Angeles County. Dkt. No. 14-1 at 2. He did not notice the Court with a change of address at the time.

On October 31, 2023, the Court found the complaint stated a cognizable claim and ordered the matter served on Defendants, who were directed to file a dispositive motion or

notice regarding the motion within ninety-one days. Dkt. No. 8. Defendants were granted an extension of time on January 5, 2024. Dkt. No. 13.

On April 14, 2024, Defendants filed a motion for terminating sanctions based on Plaintiff's failure to appear at his properly noticed deposition, failure to comply with the Court's discovery and scheduling order, and ignoring the Court's warning of consequences for failing to prosecute this action. Dkt. No. 14 at 3. Defendants move for dismissal under Federal Rules of Civil Procedure 37(d) and 41(b). *Id.* Defendants' motion is supported by the declaration of counsel, Deputy Attorney General Le-Mai D. Lyons, and exhibits. Dkt. No. 14-1 (Lyons Decl.). Defendants filed notice of Plaintiff's failure to oppose their motion on May 22, 2024. Dkt. No. 17. On October 7, 2024, Plaintiff filed a notice of change of address. Dkt. No. 18.

For the reasons set forth below, Defendants' motion is DENIED without prejudice.

## DISCUSSION

### A.   Motion for Terminating Sanctions

On February 28, 2024, Defendants served Plaintiff notice of his deposition at two addresses: Plaintiff's address of record with the Court at SVSP, where he was incarcerated at the time he filed this action, and the Los Angeles address provided by the Division of Adult Parole Operations ("DAPO"), which was at the Hillsman Center, 1440 E. 41st Street, Los Angeles. Lyons Decl. ¶ 2. Based on a good faith belief that Plaintiff resided in Los Angeles County, Defendants noticed his deposition for April 1, 2024, at Esquire Deposition Solution's downtown Los Angeles location. *Id.* at ¶ 3, Ex. A; Dkt. No. 14-1 at 4-6. The deposition also noticed Plaintiff with the opportunity to appear remotely at the deposition via Zoom videoconference, but Plaintiff did not contact defense counsel to make such arrangements. *Id.*

On April 1, 2024, defense counsel appeared for Plaintiff's deposition. *Id.* at ¶ 4.

2

After waiting 17 minutes after the noticed deposition time, counsel went on the record to note Plaintiff's non-appearance. *Id.*, Ex. B; Dkt. No. 14-1 at 13. Defendants now move for terminating sanctions for Plaintiff's failure to attend his deposition under Rule 37 and for failure to prosecute or comply with the rules or a court order under Rule 41. Dkt. No. 14 at 4, citing Fed. R. Civ. P. 37(b)(2)(A)(v); 37(d)(1)(A)(i); 37(d)(3); *id.* at 6.

Rule 37 permits the district court, in its discretion, to dismiss in whole or in part or enter a default judgment against a party who fails to attend his deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)( i), 37(b)(2)(A)(v). Rule 41(b) expressly authorizes dismissal for failure to prosecute or to comply with these rules or a court order. The standards governing dismissals under these two rules are "basically the same." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing dismissal under Rules 37 and 41).

The court must consider five factors in deciding whether terminating sanctions are warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Although it is preferred, it is not required that the district court make explicit findings that it has considered these factors. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). These factors are tools of analysis, not "conditions precedent" to the district court's imposition of such sanctions. *Allen v. Bayer Corp. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Before imposing such a substantial remedy, the district court should first implement lesser sanctions, warn the offending party of the possibility of dismissal, consider alternative lesser sanctions and determine that they are inappropriate. *Computer Task Group v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). "Only 'willfulness, bad faith, and

fault' justify terminating sanctions." *Connecticut General Life v. Providence*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)); *see, e.g.*, *Leon v. IDX Systems*, 464 F.3d 951, 960-61 (9th Cir. 2006) (finding dismissal appropriate where party acted in bad faith in despoiling evidence under five part test).

      Defendant asserts that the first two factors (the public interest in expeditious resolution and the court's need to manage its dockets) always weigh in favor of dismissal. Dkt. No. 14 at 4. Defendants contend that Plaintiff's failure to notify the court and counsel of his parole status and current address, his failure to appear at his deposition, and the absence of any filings since being paroled indicate he has abandoned this action. *Id.* Defendants assert that because this action merely clogs up the court's docket, the first two factors favor dismissal. *Id.* Defendants also contend that the third factor regarding prejudice also weighs in favor of dismissal because Plaintiff's unjustified refusal to appear for his deposition has delayed the action, prejudicing Defendants, as well as needlessly causing them to incur expenses. *Id.* at 4-5. Defendants assert that if the Court orders Plaintiff to appear at a rescheduled deposition, they would needlessly be forced to again incur costs as Plaintiff is likely to again fail to appear as his service address is unclear. *Id.* at 5. With regards to the fourth factor, Defendants assert that the Court has already considered lesser sanctions, having already warned Plaintiff that the failure to prosecute or update the court and counsel with his address may result in terminating sanctions, *see* Dkt. No. 8 at 5, and that imposing monetary sanctions against a *pro se* plaintiff would likely be an abuse of discretion. Dkt. No. 14 at 5. Lastly, Defendants assert that although the fifth factor (public policy favoring disposition of cases on the merits) weighs against dismissal, it should not be used to excuse Plaintiff's conduct preventing a decision on the merits. *Id.* at 5-6. Plaintiff has filed no opposition, although he was served with the motion at the two addresses mentioned above. Dkt. No. 14-3 at 1.

Before imposing such a substantial remedy as terminating sanctions, the Court should first implement lesser sanctions and warn Plaintiff of the possibility of dismissal. *Brotby*, 364 F.3d at 1116.  Contrary to Defendants' assertion, the general warning in the Court's service order does not constitute sufficient warning to Plaintiff regarding the imposition of terminating sanctions for the specific failure to appear for a deposition under Rule 37(d).  Furthermore, the Court does not find "willfulness, bad faith, and fault" by Plaintiff in failing to appear for the deposition as it is possible that he did not receive all his mail during a time of transition from prison to parole.  Plaintiff has also recently filed a change of address providing his current address, which indicates that he has not abandoned this action.  This recent filing eliminates Defendants' concern that rescheduling the deposition would be ineffective because Plaintiff's service address was unclear.  Accordingly, the Court finds terminating sanctions are not appropriate at this time.

In the interest of justice and his *pro se* status, the Court will grant Plaintiff another opportunity to appear at a properly noticed rescheduled deposition.  Plaintiff is hereby warned that his failure to appear at a second scheduled deposition may warrant terminating sanctions under Rule 37(d).  Plaintiff is also advised that the Court may consider whether monetary sanctions are appropriate if his failure to appear at a second deposition results in Defendants' counsel needlessly incurring additional costs.

Defendants' motion for terminating sanctions is therefore DENIED without prejudice, to renewing the motion if Plaintiff fails to appear for a second properly noticed deposition.

## CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. Defendants' motion for terminating sanctions is **DENIED without prejudice**. Dkt. No. 14.  Defendants shall properly notice Plaintiff for a rescheduled

deposition at a date **no later than forty-two (42) days** from the date this order is filed, at the current address provided by Plaintiff.  Dkt. No. 18.

Defendants shall file notice of Plaintiff's appearance or failure to appear **within seven (7) days** after the rescheduled deposition.  If Plaintiff fails to appear, Defendants may file a renewed motion for terminating sanctions.

2. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable in the Court's Order of Service.  Dkt. No. 8.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants **no later than twenty-eight (28) days** from the date Defendants' motion is filed.

5. Defendants *shall* file a reply brief **no later than fourteen (14) days** after Plaintiff's opposition is filed.

6. All remaining portions of the Court's Order of Service shall remain in effect. Dkt. No. 8.

This order terminates Docket No. 14.

**IT IS SO ORDERED.**

Dated: _October 30, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Term. Sanctions; Inst.; Setting Brief. Sched.
PRO-SE\BLF\CR.23\03202Guy_deny-MTD(term)&brief

7