UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GUY,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. SUII, et al.,<br><br>        Defendants. | Case No. 23-cv-03202 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING IN PART MOTION FOR THIRD EXTENSION OF TIME TO FILE OPPOSITION; GRANTING FINAL EXTENSION OF TIME**<br><br>(Docket No. 33) |

Plaintiff, a state inmate, filed a civil rights complaint under 42 U.S.C. § 1983 against Dr. Suii, his primary care provider at Salinas Valley State Prison ("SVSP"), S. Sawyer (Chief Support Executive at SVSP), and S. Gates (Chief of Health Care Correspondence and Appeals Branch of the California Correctional Health Care Service). Dkt. No. 1. The Court found the complaint stated cognizable claims and ordered service on Defendants on October 31, 2023. Dkt. No. 8.

On April 2, 2025, Defendants filed a second motion for terminating sanctions after Plaintiff again failed to appear for his properly noticed deposition. Dkt. No. 29. The Court granted Defendants' motion to modify the dispositive motion deadline pending the resolution of that motion. Dkt. No. 30. Plaintiff was granted a second extension of time until June 4, 2025, to file an opposition to Defendants' motion. Dkt. No. 33.

Plaintiff has filed a motion to extend the deadline another 90 days in which to obtain counsel, affidavits, and other evidence in this matter. Dkt. No. 33. He also repeats

his request for the Court appoint pro bono counsel to represent him because of his pro se status and lack of legal knowledge. *Id.* at 1.

The Court denied a prior request for appointment of counsel for lack of exceptional circumstances. Dkt. No. 24. He has set forth no new grounds to warrant appointment of counsel in the instant motion. *Id.* at 2 (finding indigency and lack of legal expertise are not exceptional among prisoner-plaintiffs). Accordingly, this request is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The motion for an extension of time shall be granted in part. As the Court previously stated, Defendants' motion is primarily based on Plaintiff's failure to twice appear at his properly noticed depositions with no communication with Defendants' counsel. Dkt. No. 32 at 2. Plaintiff need only respond with a showing of good cause for his failure to do so. Ninety days is excessive to prepare such an opposition. Nevertheless, the Court will extend the deadline another fifty-six days so that Plaintiff's opposition shall be filed **no later than July 16, 2025**. This being the third extension, **no further extensions of time shall be granted.**

Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

This order terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: __June 5, 2025_____     _____
                                     BETH LABSON FREEMAN
                                     United States District Judge

Order Denying Appt. of Counsel; Granting Final EOT to File Opp
PRO-SE\BLF\CR.23\03202Guy_eot-opp2